24UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

    Plaintiff,                        Case No. 2:24-cv-10945

v.                                    Honorable Susan K. DeClercq
                                       United States District Judge

HEIDI WASHINGTON et al.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

Timothy Murphy, confined at G. Robert Cotton Correctional Facility in Jackson, Michigan, initiated a *pro se* case in March 2024. He sought redress under 42 U.S.C. § 1983 for violations of his rights as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. *Murphy v. Washington*, No. 2:24-CV-10735, 2024 WL 1354392, at *1 (E.D. Mich. Mar. 29, 2024).

He applied "to proceed without prepayment of fees and costs," but his case was "dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A)" because the statement from his prisoner trust fund demonstrated that he had "sufficient funds to pay the full amount of the filing fee." *Id.* at *1–3.

"If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket"—even if the plaintiff attempts to pay the filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on*

*other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007); *Redd v. Redmon*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision) (holding that *McGore* applies to cases dismissed "under § 1915(e)(2)(A)"); *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (same "where the district court dismisses cases *sua sponte* under 28 U.S.C. § 1915A"), *abrogated on other grounds by Jones*, 549 U.S. 199; *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023) (same for cases dismissed under 28 U.S.C. § 1915(b)).

Despite this limitation, Murphy refiled the identical complaint. *Compare* ECF No. 1, *with Murphy v. Washington*, No. 2:24-CV-10735 (E.D. Mich. Mar. 22, 2024), ECF No. 1. He now admits to having the necessary funds to cover the filing fee, *see* ECF No. 10 at PageID.28, yet he has declined to do so. In any event, this fact is irrelevant because payment or nonpayment of the fee does not alter the requirement that this case must be dismissed under controlling legal precedent. *Redd*, 215 F.3d at 1327 (citing *McGore*, 114 F.3d at 605).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**. *See* Fed R. Civ. P. 41(b).

Dated: May 9, 2024             */s/Susan K. DeClercq*
                                                    SUSAN K. DeCLERCQ
                                                    United States District Judge