UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

Defendants.

Case No. 24-cv-10945
Honorable Susan K. DeClercq
Magistrate Judge Elizabeth A. Stafford

## ORDER DIRECTING U.S. MARSHALS SERVICE TO USE REASONABLE EFFORTS TO SERVE CERTAIN DEFENDANTS

Plaintiff Timothy Murphy, a pro se prisoner, brings this case under 42 U.S.C. § 1983, alleging that Defendants Heidi Washington, Jong Choi, Rickey Coleman (MDOC Chief Medical Officer), Steven Cho (MDOC dentist), and Alexis Rogers (a nurse practitioner) were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  ECF No. 1.  The Honorable Susan K. DeClercq referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 27.

Murphy was granted leave to proceed in forma pauperis, and the United States Marshals Service (USMS) was directed to serve defendants.

ECF No. 26; ECF No. 29.  Counsel has appeared for Washington and Choi.  ECF No. 36.  A green card certifying service on Coleman was returned after delivery to the MDOC.  ECF No. 35.  But counsel for the MDOC has notified the Court that Coleman, Cho, and Rogers are contractual healthcare providers with Vital Core/Wellpath.  Thus, Coleman was not properly served.

Twenty-eight U.S.C. § 1915(d) requires that officers of the court "issue and serve process" when a plaintiff is proceeding in forma pauperis, and Federal Rule of Civil Procedure 4(c)(3) provides that the court appoint the USMS to serve process in these cases.  Together, Rule 4(c)(3) and 28 U.S.C. § 1915(d) "stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process."  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (cleaned up); *see also Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002) (holding that the district court has a statutory responsibility to issue an in forma pauperis plaintiff's service to the USMS).

The USMS must determine whether Coleman, Cho, and Rogers will waive service by contacting counsel, Chapman Law Group, Office Manager

Melissa Kairis, at mkairis@chapmanlawgroup.com.  If not, the USMS must use reasonable efforts to locate and personally serve Coleman, Cho, and Rogers within 60 days.  *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the USMS to take reasonable steps to locate the defendant's address through an internet search and by consulting defendant's former employer); *Reed-Bey v. Pramstaller*, No. 06-CV-10934, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013) (USMS was ordered to personally serve the defendants after a fourth waiver request was returned unexecuted).  The USMS must inform the Court of the results of its attempt to personally serve those defendants by **August 3, 2026**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 4, 2026

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

4