UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al.*,<br><br>Defendants. | Case No. 24-cv-10945<br>Honorable Susan K. DeClercq<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER RESOLVING PLAINTIFF'S MOTION REGARDING SERVICE (ECF NO. 39) AND DIRECTING U.S. MARSHALS SERVICE TO USE REASONABLE EFFORTS TO SERVE CERTAIN DEFENDANTS**

Plaintiff Timothy Murphy, a pro se prisoner, brings this case under 42 U.S.C. § 1983, alleging that Defendants Heidi Washington, Jong Choi, Rickey Coleman (MDOC Chief Medical Officer), Steven Cho (MDOC dentist), and Alexis Rogers (a nurse practitioner) were deliberately indifferent to his medical needs in violation of the Eighth Amendment. ECF No. 1. The Honorable Susan K. DeClercq referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 27.

In February 2026, Murphy was granted leave to proceed in forma pauperis, and the United States Marshals Service (USMS) was directed to serve defendants. ECF No. 26; ECF No. 29. Because Coleman, Cho, and Rogers were not properly served,[1] the Court ordered the USMS to use reasonable efforts to serve these defendants in June 2026. ECF No. 38. The USMS was also directed to inform the Court of the results of those efforts by August 3, 2026. *Id.* But the USMS failed to do so. Murphy moves for an extension of time to accomplish service and asks the Court to direct the MDOC to provide an address for Coleman and to have the clerk issue a subpoena that he can serve on Wellpath to produce defendants' contact information. ECF No. 39.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint is filed.[2] If the plaintiff does not do so, the Court must dismiss the action without prejudice as to the unserved defendants "or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the

---

[1] Counsel for the MDOC has notified the Court that Coleman, Cho, and Rogers are contractual healthcare providers with Vital Care/Wellpath.

[2] Murphy's complaint is deemed filed at the time IFP status was granted. *See Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998).

failure, the court must extend the time for service for an appropriate period." *Id.*

"[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants…." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). The USMS has the duty to use "reasonable efforts" to locate and serve defendants. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004); *see also Johnson v. Herren*, No. 2:13-cv-583, 2013 WL 6410447, at *3 (S.D. Ohio Dec. 9, 2013) (describing "reasonable efforts" to include an Internet search and contacting a former employer to obtain a forwarding address). The failure to carry out this duty may constitute good cause under Rule 4. *Blair v. Schievelhud*, No. 24-5072, 2024 WL 4806299, at *2 (6th Cir. Nov. 12, 2024).

Here, the Court ordered the USMS to serve defendants after granting Murphy IFP status, and when it failed to properly serve certain defendants, the Court ordered it to use reasonable efforts to locate and serve them. ECF No. 26; ECF No. 29. But it does not appear that USMS has fulfilled this directive. Thus, there is good cause for an extension, and Murphy's request to extend the time for service is **GRANTED**.

Because it is up to the USMS, not the Court, to effectuate service upon defendants, Murphy's requests for the Court to assist in obtaining defendants' contact information from the MDOC and Wellpath are **DENIED**. Instead, for the second time, the USMS is **DIRECTED** to use reasonable efforts to locate and serve Coleman, Cho, and Rogers. The USMS must serve these defendants or inform the Court why its efforts to do so were unsuccessful by **October 19, 2026**.

**SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 18, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager